MARY STUCKSLAGER TENNIGKEIT, Appellee, v. OTTO TENNIGKEIT, Appellant.

No. 43541.

November 24, 1936.

Rehearing Denied March 12, 1937.

Earl C. Mills, for appellant.

H. W. Hanson, for appellee.

Albert, J.—Plaintiff and defendant were married on the 2d day of January, 1919, at Pueblo, Colorado. As a result of this marriage three children were born to them. They lived for awhile at the place where they were married, then moved to Oklahoma City, and later moved to Des Moines where they bought a residence property into which the defendant paid the sum of $4,600 and the mother of the plaintiff furnished $1,100.

The defendant was a traveling salesman and sold insurance, and part of the time was engaged in selling stock in a corporation and received a salary of $250 per month. Later, after the house was bought and paid for, they rented the same for $35 a month and moved into a larger residence. The defendant's income in the early years reached at one time the sum of $19,000 a year, and his salary at one time amounted to $300 a month. He seems to have been hard working and thrifty, and to have contributed quite generously to the support of his family. At one time, the furniture in the house having become badly worn, he replaced it with new furniture at an expense of between $3,000 and $4,000. About the year 1932 he seems to have struck a period of adversity, which lasted until the time of the trial. From that year on, the undisputed testimony shows that his business was run at a loss. He had at one time $8,000 in government bonds, and he drew on this capital until at the time of the trial he had a $500 bond left. The undisputed evidence shows that

his health broke down and that he was under a doctor's care from a heart affliction, and that he could not work as he formerly had done, and was not able to go out and put in eight hours a day. He had no other trade or calling than selling, and at the time of the trial he had made inquiry and effort to gain employment, but had not yet done so, although he had sufficient strength to work part time. His wife knew about his physical condition, "but she did not exactly sympathize with me." On the other hand, the evidence shows that the residence property they bought was in the name of the wife, and she still has the same, together with the household goods which belonged to them. The evidence also shows that a short time prior to the commencement of this action the plaintiff inherited from her mother property consisting of $14,000 in government bonds, a residence property in Rock Valley, Iowa, a quarter section of land in Sioux county, and an irregular tract of land in the state of Kansas. The estimated value of the real estate was $13,000 and of the entire estate $27,200, with an estimated debt of $500.

■■■ The evidence on which this divorce was granted is rather hazy and indefinite, especially as to the times when the alleged acts of cruelty occurred, but in the light of the fact that the attorney for the defendant stated that they were not contesting the divorce we are disposed to accept the decision of the lower court that the grounds proven were sufficient to warrant the granting of a divorce. The court in its decree awarded the plaintiff the sum of $175 a month for the support of three infant children, aged, respectively, fifteen, fourteen, and ten years. In the light of the record in this case which shows that the property accumulations of these parties are all in the possession of the wife, and viewing the undisputed evidence as to the husband's physical condition, the small amount of assets he has, his status, his chances for earning and ability to pay at the present time and in the future, we do not feel that the court was warranted in making this allowance for the support of these children. A casual observer would rather be led to the conclusion that, the wife having all the property they had at the time accumulated and having inherited from her mother the property above referred to, she did not care to have her husband participate in their own property or that which she had inherited, and was simply trying to get rid of him and deprive him of any interest in the property which she thus had or acquired. We think un-

der these circumstances the court was not warranted in making this allowance for support, and in our judgment this allowance should be stricken from the decree.

■■■ Involved in this appeal is also the question of allowance to plaintiff's attorney for attorney fees. It appears that the attorney was allowed $50 as a temporary attorney's fee, and on final disposition of the case was allowed another $50, making a total of $100, and judgment was entered against the defendant for the sum of $50. We think this was a very meager attorney's fee considering the questions involved, and in our judgment the latter allowance should be increased to $100.

As thus modified the decree will be affirmed.—Modified and Affirmed.

PARSONS, C. J., and ANDERSON, KINTZINGER, HAMILTON, DONEGAN, and STIGER, JJ., concur.